UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DARLENE K. KING,         ) | Case No.: 1:07 CV 441 |
|     Plaintiff         ) | |
| v.         ) | JUDGE SOLOMON OLIVER, JR. |
| COMMISSIONER OF SOCIAL         )<br>SECURITY,         ) | |
|     Defendant         ) | <u>ORDER</u> |

    This is an action for judicial review of the Administrative Law Judge's ("ALJ") decision denying Plaintiff Darlene K. King's ("Plaintiff" or "King") application for supplemental security income. The ALJ found that King has severe impairments consisting of obesity, diabetic neuropathy, osteoarthritis of both knees status post arthroscopic surgery of the right, amblyopia, chronic obstructive pulmonary disease, sleep apnea, depression, and an anxiety disorder. (Transcript ("Tr.") at 412.) However, the ALJ determined that King retained the residual functioning capacity to do a range of sedentary work limited to simple, routine, low-stress tasks. (*Id.* at 413.)

    Now pending before the court is the Report and Recommendation ("R&R") of Magistrate Judge William H. Baughman, Jr. ( ECF No. 28). Also before the court is Defendant's Objection to the R&R (ECF No. 29) and Plaintiff's Response to Defendant's Objections to the R&R (ECF No. 30).

    In his R&R, the Magistrate Judge recommends that this court reverse the ALJ's decision denying Plaintiff's application on the ground that substantial evidence does not support the ALJ's

finding that King could perform a significant number of jobs that existed locally or nationally. (R&R at 3.) Specifically, the Magistrate Judge found, after reviewing the hearing transcript before the ALJ, that the ALJ failed to ask the Vocational Expert ("VE") about any possible conflict between the VE evidence and information provided in the Dictionary of Occupational Titles ("DOT"), in accordance with Social Security Ruling ("SSR") 00-4p. (R&R at 5, citing SSR 00-4p: Titles II and XVI: Use of Vocational Expert and Vocational Specialist Evidence, and Other Reliable Occupational Information in Disability Decisions, *available at* http://www.ssa.gov/OP http://www.ssa.gov/OP_Home/rulings/di/02/SSR2000-04-di-02.html.)  As recognized by the Magistrate Judge, Social Security Ruling 00-4p provides in relevant part that "the adjudicator has an affirmative responsibility to ask about any possible conflict between the VE or VS evidence and information provided in the DOT." (R&R at 5.)

The Magistrate Judge rejected Defendant's arguments that King waived the ALJ's default and that harmless error excused the ALJ's SSR 00-4p duty to inquire. (*Id*.) This latter finding was premised by the Magistrate Judge's reliance on *Stine v. Commissioner of Social Security,* No. 07-12301, 2008 WL 1837357, at *4 (E.D. Mich. Apr. 23, 2008), where the ALJ, like the ALJ in the instant case, did not comply with the requirements of SSR 00-4p because he failed to ask the VE if there was any conflict between the VE's testimony and the DOT, although the ALJ stated in his decision that the VE's testimony was consistent with the DOT. The *Stine* ALJ stated that the plaintiff retained the residual functional capacity to perform:

> at least light work. Mentally, he requires unskilled, routine tasks learnable in 30 days or less. He must not be subjected to fixed or rigid production demands, extended oral or written communications, more than superficial interaction with coworkers and supervisors, or contact with the public.

*Id.* at *2. Given all these factors, the VE in *Stine* testified that the plaintiff would be able to perform the requirements of representative occupations such as assembler, inspector, and general laborer. *Id.* at *5. However, the DOT's requirements were silent with respect to whether these positions contained fixed or rigid production demands, extended oral or written communications, more than superficial interaction with coworkers and supervisors, or contact with the public. *Id.* Thus, the *Stine* court determined the ALJ's failure to comply with Social Security Ruling 00-4p was not harmless error because:

> It is not clear whether the DOT's requirements include such skills, and this is exactly the sort of inconsistency the ALJ should have resolved with the expert's help. The court cannot determine, based on the record, whether the expert's testimony regarding what jobs plaintiff can do is actually inconsistent with the DOT. That determination should have been made by the ALJ in the first instance, and his failure to do so should have been identified and corrected by the Appeals Council. The court will defer to an ALJ's decision if it is supported by "substantial evidence," but here there is an unresolved potential inconsistency in the evidence that should have been resolved. The ALJ's decision should be vacated and this case remanded so that the ALJ can determine whether the job requirements identified by the vocational expert are, in fact, consistent with the definitions in the DOT and plaintiff's limitations.

*Id.* Similarly, the Magistrate Judge in the instant case, relying on *Stine,* concluded that the ALJ's failure to comply with Social Security Ruling 00-4p was not harmless error because:

> The ALJ's finding at step 5 hangs on the other two jobs identified, which have a GED rating of R2. Although King could do these jobs consistent with the DOT if she was merely limited to simple repetitive work, it cannot be determined from the record if she can do them with the additional limitation to low stress work. Having failed to inquire of the VE about consistency with the DOT in this regard, this alternative finding lacks the support of substantial evidence.

(R&R at 12.) Thus, the Magistrate Judge recommended that the case should be remanded on this ground. (*Id.* at 6-12.)

Additionally, the Magistrate Judge recommended that if the case was remanded, then the ALJ

should also address Plaintiff's headaches and state specifically whether that impairment imposed any additional limitations on King's work-related capabilities. (*Id.* at 12-13.) Finally, the Magistrate Judge found the ALJ sufficiently analyzed Plaintiff's complaints of pain and numbness in accordance with *Duncan v. Secretary of Health & Human Services,* 801 F.2d 847 (6th Cir. 1986). (R&R at 14-18.) However, the Magistrate Judge recommended that the ALJ on remand should provide "a more thorough and unified analysis on credibility" in accordance with SSR 96-7p and 20 C.F.R. § 416.929(c)(3), regarding the ALJ's finding that King's assertions concerning her inability to work due to pain and numbness were not credible. (*Id.* at 14-19.)

Defendant's Objection to the R&R only addresses the Magistrate Judge's conclusion concerning the SSR 00-4p issue. Defendant relies on *Zinis v. Commisioner of Social Security,* No. 08-11087, 2009 WL 261474 (E.D. Mich. Feb. 4, 2009), and *Zblewski v. Astrue,* 302 F. App'x 488 (7th Cir. 2008), to argue that "if the DOT does not suggest that a job has a particular requirement, then there is no apparent conflict for the ALJ to resolve." (Def.'s Objections at 1-2.) However, the court finds this argument is not well-taken. First, *Zinis* does not stand for the proposition for which Defendant cites it; indeed, *Zinis* makes clear that the ALJ in that case specifically inquired of the VE whether the jobs identified by the VE were consistent with the DOT. *Zinis,* 2009 WL 261474 at *10. Second, the *Zblewski* court's interpretation of SSR 00-4p, i.e., that "the duty to inquire arises only when the conflict between the DOT and VE testimony is apparent," *Zblewski,* 302 F. App'x at 494, is at odds with the Sixth Circuit's interpretation of SSR 00-4p, which imposes upon the ALJ an affirmative obligation to inquire about whether a conflict exists in all instances. *See, e.g., Lindsey v. Comm'r of Soc. Sec.,* 560 F.3d 601 (6th Cir. 2009) ("In an effort to ensure that such actual or apparent conflicts are addressed, the Social Security Administration has imposed an affirmative duty

on ALJs to ask the VE if the evidence that he or she has provided 'conflicts with [the] information provided in the DOT.'"). Moreover, the court does not find that Defendant's argument that *Stine* is inapposite to the instant case is well-taken because, like the DOT in *Stine*, the DOT is not clear whether the positions require a certain skill that Plaintiff lacks.

Therefore, the court finds, after careful review of the Magistrate Judge's R&R, Defendant's Objections to the R&R, Plaintiff's Response to Defendant's Objections to the R&R and all other relevant documents, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's R&R and hereby remands the case to the ALJ consistent with the instructions set forth in the R&R. (ECF No. 14.)

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

May 1, 2009