IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARLENE K. KING, | ) | CASE NO. 1:07 CV 441 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

## Introduction

Before me by referral[1] is the motion of plaintiff Darlene K. King for recovery of $7,389.13 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[2] In adopting my report and recommendation,[3] the District Court reversed the decision of the Commissioner that found King, though severely impaired, was not disabled because she retained the functional capacity to do a range of sedentary jobs.[4] The District Court then remanded the matter, specifying several directions to the Administrative Law

---

[1] This motion was referred to me by United States District Chief Judge Solomon Oliver, Jr. for preparation of a report and recommendation by non-document order entered April 19, 2011.

[2] ECF # 32.

[3] ECF # 28.

[4] ECF # 31 at 1-2.

Judge ("ALJ") on remand.[5] The Commissioner here opposes King's motion,[6] and the parties have submitted additional filings.[7]

For the reasons that follow, I will recommend that King's motion be granted.

## Facts

The relevant facts here are not extensive. As I noted in my report and recommendation,[8] which was later adopted by the District Court,[9] Social Security Ruling (SSR) 00-04p[10] requires an ALJ who takes testimony from a vocational expert about the requirements of a particular job to determine whether that testimony is consistent with the DOT. As I noted in particular, the "ruling's language expressly sets out the ALJ's affirmative duty" to make such an inquiry in cases such as this one.[11] I also specifically observed in this regard that the "ALJ defaulted on the affirmative obligation imposed" by SSR 00-04p.[12]

---

[5] *Id.* at 3-5.

[6] ECF # 33.

[7] ECF # 34 (King's reply); # 35 (Commissioner's notice of supplemental authority); # 36 (King's response to notice); # 37 (Commissioner's reply to King's response).

[8] ECF # 28.

[9] ECF # 31.

[10] SSR 00-04p: Titles II and XVI: Use of Vocational Expert and Vocational Specialist Evidence, and Other Reliable Occupational Information in Disability Decisions, available at http://www.ssa.gov/OP_Home/rulings/di/02/SSR2000-04-di-02.html.

[11] ECF # 28 at 5-6.

[12] *Id.* at 6.

## Analysis

**A.      Applicable law**

In its decision in *Howard v. Barnhart*,[13] the Sixth Circuit succinctly summarized the standards governing the disposition of a motion for attorney's fees under the Equal Access to Justice Act:

> The Equal Access to Justice Act "departs from the general rule that each party to a lawsuit pays his or her own legal fees." *Scarborough v. Principi*, 124 S. Ct. 1856, 1860 (2004). The Act requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified. *Id.*; 28 U.S.C. § 2412(d)(1)(A). On appeal, Howard challenges the district court's conclusion that the Commissioner's position was substantially justified. We must determine whether the district court abused its discretion in so concluding. *Pierce v. Underwood*, 487 U.S. 552, 562 (1988).
>
> A position is substantially justified when it is "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565. Stated otherwise, a position is substantially justified when it has a "reasonable basis both in law and in fact." *Id.* The fact that we found that the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified. *See id.* at 569; *Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989). Indeed, "congress did not . . . want the 'substantially justified' standard to 'be read to raise a presumption that the Government position was not substantially justified simply because it lost the case. . . .'" *Scarborough*, 124 S. Ct. at 1866 (quoting *Libas, Ltd. v. United States*, 314 F.3d 1362, 1365 (Fed. Cir. 2003).[14]

---

[13] *Howard v. Barnhart*, 376 F.3d 551 (6th Cir. 2004).

[14] *Id.* at 553-54 (footnote omitted).

-3-

The recent decisions of this Court in *Carter v. Astrue*[15] and *Sabo v. Astrue*[16] provide useful guidance in deciding if the position of the Commissioner was "substantially justified." Those decisions are incorporated herein by reference.  From these authorities I derive the certain guidelines for gauging "substantial justification:"

- The position of the Commissioner is without substantial justification if the ALJ selectively sifts the evidence in denying benefits.[17]

- The position of the Commissioner is not substantially justified if the error committed by the ALJ consists of a violation of the Commissioner's regulations.[18]

- Remands based on articulation errors usually do not result in EAJA awards, whereas remands because of the failing of the record to support the disability decision do.[19]

**B.  Application of applicable law**

Here, as noted above, the remand rested on a finding that the ALJ did not follow the express requirements of SSR 00-04p.  In such a situation, as noted previously, the relevant case authority holds that the Commissioner is not substantially justified if the error

---

[15] *Carter v. Astrue*, No. 1:09-CV-667, 2011 WL 722774, *2 (N.D. Ohio Feb. 23, 2011) (Gwin, J.).

[16] *Sabo v. Astrue*, 1:06-CV-2723 (ECF # 39), at 3-4, 7-11 (N.D. Ohio May 20, 2010) (O'Malley, J.).

[17] *Id.* at 4, 8, citing *Howard*, 376 F.3d at 553.

[18] *Id.* at 7; *Simpson v. Astrue*, No. 3:09-CV-143, 2010 WL 5088125, at *2 (S.D. Ohio Nov. 17, 2010) (failure to following regulations on the "treating physician rule"); *Falconi v. Comm'r of Soc. Sec.*, No. 1:08-CV-622, 2010 WL 1882270, at *2 (S.D. Ohio Apr. 13, 2010) (failure to follow regulations requiring good reasons in assigning weight to the opinions of treating sources).

[19] *Carter*, 2011 WL 722774, at *2.

-4-

committed by the ALJ consists of a violation of the Commissioner's own regulations.[20] I also note, as does King in her responsive brief,[21] that the Commissioner has not disputed the number of hours submitted nor the hourly rate.

## Conclusion

Accordingly, for the above-stated reasons, I recommend that King's motion for attorney's fees be granted.

Dated: September 13, 2011                    s/ William H. Baughman, Jr.
                                             United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[22]

---

[20] In this regard, I observe that the District Judge's order adopting my report and recommendation expressly noted that the recent Sixth Circuit case of *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601 (6th Cir. 2009), confirmed that SSR 00-04p does impose an affirmative obligation upon the ALJ to make an inquiry where the vocational expert testifies as in this matter.

[21] ECF # 34.

[22] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).