UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DARLENE K. KING, ) | Case No.: 1:07 CV 441 |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| MICHAEL J. ASTRUE ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant ) | <u>ORDER</u> |

Currently pending in the above-captioned case is Plaintiff Darlene K. King's ("Plaintiff") Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("Fee Application") (ECF No. 32.) Upon careful review of Magistrate Judge William H. Baughman, Jr.'s Report and Recommendation ("R&R"), Defendant Commission of Social Security's ("Defendant" or the "Commissioner") Objections, and all relevant documents in the record, the court finds that Magistrate Judge Baughman's recommendation to grant the Fee Application is fully supported by the record and controlling case law. To the extent that Magistrate Judge Baughman failed to address the issue regarding to whom the fees should be awarded, the court finds that the fees may be awarded to Plaintiff's counsel.

## I. FACTS AND PROCEDURAL HISTORY

The Commissioner denied disability benefits to Plaintiff in the above-captioned case. Plaintiff sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge William H. Baughman, Jr. for preparation of a report and recommendation. After

a review of the hearing transcript, the Magistrate Judge found that the Administrate Law Judge ("ALJ") failed to ask the Vocational Expert ("VE") about any possible conflict between the VE evidence and information provided in the Dictionary of Occupational Titles ("DOT"). The Magistrate Judge determined that such inquiry is required under Social Security Ruling ("SSR") 00-4p, which provides in relevant part that "the adjudicator has an affirmative responsibility to ask about any possible conflict between the VE or VS evidence and information provided in the DOT." The court adopted Magistrate Judge Baughman's Report and Recommendation, reversed the Commissioner's decision, and remanded the case to the administrative law judge ("ALJ") with instructions.

Subsequently, Plaintiff filed the Fee Application requesting a payment of $7,389.13. The court referred this Motion to Magistrate Judge Baughman for preparation of a report and recommendation. Magistrate Judge Baughman submitted his R&R regarding Plaintiff's Motion for Attorney's Fees, recommending that the Motion be granted. Magistrate Judge Baughman concluded that the litigation position of the Commissioner was not substantially justified because the ALJ violated the Commissioner's own regulations and recommended an award of fees. (R&R at 4–5, ECF No. 38.)

## II. ANALYSIS

Defendant filed an Objection to the R&R. (ECF No. 39.) Defendant argues that the Magistrate Judge failed to address his arguments that his position was substantially justified because the court determined only one issue merited remand in light of the multiple issues Plaintiff raised. (Def.'s Objection at 1, ECF No. 39.) Defendant also argues that Magistrate Judge Baughman failed

to address *Astrue v. Ratliff,* 130 S.Ct. 2521 (2010), and find that EAJA fees belong to Plaintiff and not her counsel. (*Id.*) He does not dispute the fee amount.

Defendant contends that "the ALJ did not ask the vocation expert if there was a conflict with the . . . [DOT], but reasonably found no conflict existed." (*Id.* at 2.) He further contends that since "the DOT did not indicate any apparent conflict with the [VE's] testimony, . . . [Defendant] had a reasonable basis for its position that remand was unnecessary." (*Id.*) Defendant argues that his reliance on *Zblewski v. Astrue*, 302 F. App'x 488, 494 (7th Cir. 2008) and *Zinis v. Commissioner of Social Security*, No. 07-11087, 2009 WL 261474, at *10 (E.D. Mich. Feb. 4, 2009) was reasonable because "the Sixth Circuit has not ruled as to whether there could be an apparent conflict when the DOT is silent." (*Id.* at 2–3.) He further argues that "'uncertainty in the law arising from conflicting authority or the novelty of the question weighs in the government's favor when analyzing the reasonableness of the government's . . . position.'" (*Id.* at 2 (quoting *Kholyavskiy v. Holder*, 561 F.3d 689, 691 (7th Cir. 2009).) Defendant maintains "that the Commissioner's position 'was grounded in reasonable belief in fact and law' and that the government 'had a reasonable basis for its position,'" because in "the absence of a direct ruling from the Sixth Circuit on the issue" present in the case, the Commissioner reasonably relied on out-of-circuit case law that supported his conclusion.(*Id.* at 3.)

Here, the EAJA requires Defendant to pay the fees and expenses of Plaintiff, unless Defendant's position was "substantially justified." 28 U.S.C. §2412(d)(1)(A). The Sixth Circuit has determined that a "position is substantially justified when it is 'justified in substance or in the main'—that is, . . . it has a 'reasonable basis both in law and in fact.'" *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). There is no presumption that Defendant's position was not substantially

justified just because he lost his case. *Id.* Also, Defendant has the burden to prove that his position in the underlying litigation was "substantially justified." *Scarborough v. Principi*, 541 U.S. 401, 416–17 (2004) (internal citation omitted).

A basic principle of administrative law is that agencies must follow their own regulations. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004). Pursuant to the Social Security Administration's regulations, SSRs "are binding on all components of the Social Security Administration" and "represent precedent final opinions and orders and statements of policy and interpretations that [the Social Security Administration] ha[s] adopted.'" 20 C.F.R. § 402.35(b)(1); *see also Heckler v. Edwards*, 465 U.S. 870, 873 (1983) (noting that the Social Security Administration has recognized that SSRs "do not have the force and effect of the law or regulations but are to be relied upon as precedents in determining other cases").

Plaintiff challenged the Commissioner's denial of disability benefits on five grounds. While the court found that only one ground warranted remand, it asked for clarification regarding the ALJ's finding on other grounds. *(See generally* Order Adopting R&R, ECF No. 31; R&R, ECF No. 28.) As this court previously concluded, the ALJ failed to make an inquiry of the VE regarding the consistency of the VE testimony with the DOT, and thus, the ALJ failed to comply with SSR 00-4p. Indeed, SSRs are not regulations or law, but they are "precedent final opinions" that must be relied upon in determining other cases. The requirement is clear, the ALJ had an affirmative duty to ask about any possible conflict between the VE evidence and the DOT. SSR 00-4p, 2000 WL 1898704; *see also*, *Lindsley v. Comm'r Soc. Sec.*, 560 F.3d 601, 606 (6th Cir. 2009) (stating that "the Social Security Administration imposes an affirmative duty on ALJs to ask VEs if the evidence that they have provided 'conflicts with the information provided in the DOT'"). The ALJ's failure to comply

with SSR 00-4p is undisputed by the parties, and such failure was known to Defendant when he began litigating this case. Although the majority of Plaintiff's claims of error did not require the court to remand the case, the issue that required remand was known to Defendant to be a violation of its own rules, which weighs in favor of a finding that Defendant's decision to defend his position was unreasonable.

Defendant contends that his belief that his decision to pursue his litigation position was substantially justified because the ALJ's noncompliance with SSR 00-4p was harmless error and in determining that such error was harmless, he reasonably relied on non-binding precedent, *Zinis* and *Zblewski*. Therefore, if Defendant's position that the error was harmless was substantially justified, then Plaintiff would not be entitled to an award of fees.

It was not reasonable for Defendant to maintain that the ALJ's noncompliance with SSR 00-4p was harmless error. As the court stated previously, there is an unresolved potential inconsistency in the evidence when the DOT is silent with respect to a requirement for a position.(May 1, 2009 Order, at 3, ECF No. 31.) One of Plaintiff's limitations was not taken into account because the DOT was silent as to such limitation. By failing to inquire of the VE whether his testimony was consistent with the DOT, the ALJ failed to determine whether Plaintiff's limitations would prevent her from performing a significant number of jobs that existed locally or nationally, as he was required to do.

It was not reasonable for Defendant to rely on *Zinis* to maintain its litigation position because that case has a significant factual distinction; unlike in this case, the ALJ in *Zinis* inquired of the VE whether the jobs identified by the VE were consistent with the DOT. *Zinis*, 2009 WL 261474, at *10. It was also unreasonable to rely on *Zblewski* because it is a Seventh Circuit case with a holding that contravenes the Sixth Circuit's interpretation of SSR 00-4p. While the Seventh Circuit has

-5-

determined that the duty to inquire under SSR 00-4p only arises when the conflict between the VE testimony and the DOT is apparent, *Zblewski*, 302 F. App'x at 494, the Sixth Circuit has determined that SSR 00-4p imposes upon the ALJ an affirmative obligation to inquire about whether a conflict exists. *See, e.g.*, *Lindsley*, 560 F.3d 606. The holding aligns with the language of the rule. *Cf.* SSR 00-4p (explaining that "the [ALJ] has an affirmative responsibility to ask about any possible conflict between that VE . . . evidence and information provided in the DOT") and previous cases in this Circuit reviewing the issue. *See, e.g.*, *Lancaster v. Comm'r of Soc. Sec.*, 228 F. App'x 563, 575 (6th Cir. 2007) (remanding the case because the ALJ failed to ensure that the VE testimony was consistent with the DOT); *see also Teverbaugh v. Comm'r of Soc. Sec.*, 258 F. Supp. 2d 702, 705–06 (E.D. Mich. 2003) (finding that the ALJ is required to ensure that there are no conflicts between the VE's testimony and the DOT). Accordingly, the court finds that the Commissioner's position was not substantially justified and adopts the R&R with respect to this issue.

Next, Defendant objects to the R&R arguing that the Magistrate Judge did not address the issue of whether the EAJA fees should be disbursed to Plaintiff or Plaintiff's attorney. The Commissioner argues that the EAJA fees belong to Plaintiff, not her counsel pursuant to the Supreme Court's holding in *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010). Plaintiff argues that there is a valid assignment on the record, which assigns her fees to her counsel. She further argues that the court may directly pay her counsel only after the government has made a determination as to the amount of any outstanding money owed to the federal government by Plaintiff, if any.

An EAJA fee award is payable to a plaintiff "and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigants owes the United States." *Ratliff*, 130 S.Ct. at 2524. *Ratliff* does not prohibit the court from awarding fees directly to the attorney. It merely holds that

the fee award is subject to an administrative offset if the plaintiff owes a debt to the federal government. *Id.* at 2526–27. In fact, the Court acknowledged that the government may make a direct payment of EAJA fees to the attorney when "the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." *Id.* at 2529. Since Plaintiff has filed a document indicating that she has assigned her EAJA fee recovery to her attorney (Ex. C, ECF No. 32-4), on this record, the court finds that the fee awarded may be disbursed to her attorney, subject to such debts, if any, that Plaintiff may owe to the government.

### III. CONCLUSION

After careful *de novo* review of the Magistrate Judge's Report and Recommendation and all other relevant documents in the record, the court finds, that the Magistrate Judge's conclusion is fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation (ECF No. 38) and grants Plaintiff's Motion for Attorney's Fees (ECF No. 32.)

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

May 22, 2013